**Not for Publication**

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RIZZA JANE G.A.,**[1] *et al.*, *on behalf of themselves and those similarly situated,*<br><br>Petitioners,<br><br>v.<br><br>**ORLANDO RODRIGUEZ,** *et al.*,<br><br>Respondents. | Civil Action No.: 20-5922 (ES)<br><br>OPINION |

**SALAS, DISTRICT JUDGE**

Before the Court are supplemental briefs filed by Petitioners and class representatives Rizza Jane G.A., Albert A.B., Héctor G.M., Bob L.N., Camilo S.H. and Muhammad I.-S. (collectively "Petitioners" or "Class Representatives") individually, and on behalf of all class members, addressing their amended petition for a writ of habeas corpus (D.E. No. 34 ("Amended Petition" or "Am. Pet.")) seeking a declaratory judgment that Respondents Orlando Rodriguez, John Tsoukaris, Matthew T. Albence, Chad F. Wolf, and William P. Barr (collectively "Respondents") are violating the *Accardi* principle.[2] For the reasons set forth below, the Court **DENIES** the Amended Petition and **DISMISSES** without prejudice Petitioners' *Accardi* claim to

---

[1] Consistent with guidance regarding privacy concerns in social security and immigration cases by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Petitioners are identified herein only by first name and last initial.

[2] The *Accardi* principle, named for its application in *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954), is the "long-settled principle that rules promulgated by a federal agency that regulate the rights and interests of others are controlling upon the agency." *Leslie v. Att'y Gen. of U.S.*, 611 F.3d 171, 175 (3d Cir. 2010); *see also Padula v. Webster*, 822 F.2d 97, 100 (D.C. Cir. 1987) (Under *Accardi* "[i]t is well settled that an agency, even one that enjoys broad discretion, must adhere to voluntarily adopted, binding policies that limit its discretion.").

1

the extent they assert it under 28 U.S.C. § 2241 for lack of jurisdiction. Moreover, the Court declines to consider whether it has jurisdiction to hear Petitioners' *Accardi* claim under 28 U.S.C. § 1331 until the named Petitioners have paid the requisite filing fees for a civil complaint or submitted applications to proceed *in forma pauperis*.

I. **BACKGROUND**

    A. **Factual Background**

Elizabeth Detention Center ("EDC") is an immigration detention facility operated by CoreCivic, Inc., a private company that provides immigration detention services for U.S. Immigration and Customs Enforcement ("ICE"). (D.E. No. 43-5 ¶ 9). Petitioners and Class Representatives are six individuals who were held in immigration detention at EDC. (Am. Pet. ¶¶ 22–27).[3]

In this case, Petitioners argue that Respondents are violating the *Accardi* principle by failing to abide by the following series of rules that protect individuals in detention from serious illness and death due to communicable diseases, including Coronavirus Disease 2019 ("COVID-19"): (i) the 2011 U.S. Immigration and Customs Enforcement Performance Based National Detention Standards as amended in 2016 ("2011 PBNDS"); (ii) the Centers for Disease Control and Prevention's ("CDC") Guidelines for the Management of COVID-19 in Correctional and Detention Facilities ("CDC Guidelines"); and (iii) ICE's Pandemic Response Requirements ("PRR"). (D.E. No. 113 ("Pet. Suppl. Br.") at 2). More specifically, Petitioners claim that CoreCivic, Inc., which operates EDC pursuant to a contract with ICE, is required to follow the detention standards set forth by ICE's 2011 PBNDS. (Am. Pet. ¶ 159). The 2011 PBNDS, according to Petitioners, requires contract detention centers, like EDC, to comply with CDC

---

[3] Since the filing of this action, all class representatives, including those who, as discussed below, were later added in the Amended Petition, have been released from custody. (D.E. No. 112 ("Resp. Suppl. Br.") at 2).

guidelines for the prevention and control of infectious and communicable diseases. (D.E. No. 11-1 ("P.I.") at 32–33; Am. Pet. ¶ 86 ("[CDC] guidelines for the prevention and control of infectious and communicable diseases shall be followed.") (quoting U.S. Immigr. & Customs Enf't, Performance-Based National Detention Standards 258 (2011), https://www.ice.gov/doclib/detention-standards/2011/pbnds2011r2016.pdf)). In March 2020, the CDC published guidance for the protection of the health and safety of detained individuals at correctional facilities and detention centers during the outbreak of COVID-19, which has since been periodically updated. (D.E. No. 114-33, Ex. GG-1 to D.E. No. D.E. 114). Petitioners assert that Respondents have failed to abide by the 2011 PBNDS and CDC Guidelines at EDC. (Pet. Supp. Br. at 2). Likewise, Petitioners argue that CoreCivic, Inc. is required to comply with ICE's PRR, which includes measures designed to prevent the spread of COVID-19 in detention facilities. (Pet. Suppl. Br. at 2 & 6); (U.S. Immigr. & Customs Enf't, Enf't & Removal Operations, Covid-19 Pandemic Response Requirements (2020) (Apr. 10, 2020), https://www.ice.gov/doclib/coronavirus/eroCOVID19responseReqsCleanFacilities-v1.pdf). Petitioners assert that Respondents have failed to abide by the PRR. (Pet. Supp. Br. at 2).

### B. Procedural History

On May 15, 2020, Rizza Jane G.A., Albert A.B., Héctor G.M., and Bob L.N., initiated this action by filing a petition for writ of habeas corpus and a complaint for declaratory or injunctive relief along with the five-dollar filing fee applicable to habeas petitions. (D.E. No. 1). The petition contained three counts asserting that: (i) Petitioners' detention during the COVID-19 pandemic violated their Fifth Amendment rights to substantive and procedural due process (Counts I and II); and (ii) Respondents' failure to follow their own regulations, rules, and internal procedures regarding COVID-19 violates the *Accardi* principle (Count III). (*Id.* ¶¶ 127–51). That same day,

Petitioners also filed (i) a motion to certify a class of all individuals who, between commencement of this action and the entry of final judgment, are or have been held in civil immigration detention at EDC (D.E. No. 3) and (ii) a motion for a temporary restraining order and/or preliminary injunction seeking the release of Petitioners and putative class members, or in the alternative, expedited bail hearings and a prohibition on EDC from transferring detainees to, or admitting detainees from, other facilities. (*See* D.E. No. 11). The Court construed the motion for a temporary restraining order and/or preliminary injunction as a motion for a preliminary injunction. (D.E. No. 14).

On May 29, 2020, Petitioners filed an amended petition and complaint, which raised the same three causes of action as in the original petition, but added two additional putative class representatives, Camilo S.H. and Muhammad I.-S. (Am. Pet.). For their due process claims, Petitioners requested their and all putative class members' release or, in the alternative, bond hearings and/or an order directing Respondents to cease any new admissions of immigration detainees to EDC. (*Id.* at 48–49). For their claim that Respondents are violating the *Accardi* principle, Petitioners requested a declaratory judgment. (*Id.* at 48). Further, that same day, Petitioners also filed an amended motion to certify a class of all individuals who, between commencement of this action and the entry of final judgment, are or have been held in civil immigration detention at EDC. (D.E. No. 36).

On November 23, 2020, the Court granted-in-part and denied-in-part Petitioners' motion for class certification. (D.E. No. 79 ("November 23, 2020 Opinion") at 2). The Court (i) denied Petitioners' motion for class certification with respect to their substantive and procedural due process claims and (ii) granted Petitioners' motion for class certification with respect to their claim

that Respondents are violating the *Accardi* principle. (November 23, 2020 Opinion at 7–24).[4] The Court further denied-in-part Petitioners' amended habeas petition and motion for a preliminary injunction without prejudice to the individual Petitioners filing separate habeas petitions to advance their due process claims. (*Id.* at 29). As a result, only Petitioners' *Accardi* claim—seeking a declaration that Respondents must comply with their promulgated rules—remains before the Court. (Pet. Suppl. Br. at 3 & 34).

The Court did not reach the merits of Petitioners' *Accardi* claim in its November 23, 2020 Opinion. Instead, it ordered additional briefing on six issues including: (i) whether the 2011 PBNDS creates a binding norm on contract detention centers such that EDC must follow CDC guidelines; (ii) whether EDC is compliant with CDC guidelines; (iii) whether Petitioners must show a deprivation of a constitutionally protected liberty or property interest to make an *Accardi* claim; (iv) whether Petitioners' *Accardi* claim is more appropriately one under the Administrative Procedure Act ("APA"); (v) whether *Accardi* applies to substantive regulations; and (vi) and whether Respondents are required to strictly adhere to CDC guidelines. (*See* November 23, 2020 Opinion at 24–28).

The parties have since submitted supplemental briefing on those issues. (Resp. Suppl. Br.; Pet. Suppl. Br.; D.E. No. 115 ("Resp. Reply"); D.E. No. 116 ("Pet. Reply"); D.E. No. 117 ("Pet. Surreply"); D.E. 119 ("Resp. Surreply")). The parties' supplemental briefing also addressed the additional issue of whether the Court has jurisdiction under 28 U.S.C. § 2241 to consider Petitioners' claim. (*See* Resp. Suppl. Br. at 10–11; Resp. Reply at 1; Pet. Reply at 6–9).

---

[4]  For Petitioners' *Accardi* claim, the Court certified a class of "[a]ll individuals who, between commencement of this action and the entry of final judgment, are or have been held in civil immigration detention at EDC." (November 23, 2020 Opinion at 24).

## II.     DISCUSSION

### A.     Jurisdiction Under 28 U.S.C. § 2241

The Court first addresses the parties' arguments as to whether the Court lacks jurisdiction to consider Petitioners' *Accardi* claim under 28 U.S.C. § 2241. Respondents contend that the Court lacks jurisdiction to consider Petitioners' *Accardi* claim under 28 U.S.C. § 2241 because habeas is not the proper vehicle to challenge conditions of confinement.[5] (*See* Resp. Suppl. Br. at 10; D.E. No. 43 ("Resp. Answer") at 18). Petitioners respond that the Third Circuit's precedential decision in *Hope v. Warden York Cnty. Prison*, 972 F.3d 310 (3d Cir. 2020) forecloses Respondents' argument and indicates that the constitutionality of their conditions of confinement is a matter properly challenged by a petition for a writ of habeas corpus. (*See* Pet. Reply at 6). For the reasons set forth below, the Court concludes that it lacks habeas jurisdiction under 28 U.S.C. § 2241 to consider Petitioners' *Accardi* claim.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Id*. (citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (citations omitted).

The primary federal habeas corpus statute, 28 U.S.C. § 2241, confers jurisdiction upon the federal courts to hear an immigration detainees' claims that he is being held "in custody in violation of the Constitution or laws . . . of the United States." *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Coady v. Vaughn*, 251 F.3d 480, 484 (3d Cir. 2001). Courts in the Third Circuit have traditionally interpreted this and other habeas statutes to encompass, collectively, only claims that challenge the

---

[5] Petitioners do not appear to dispute that their *Accardi* claim amounts to a challenge of the conditions of their confinement. (*See* Pet. Reply, at 6–9).

6

fact, duration, or execution[6] of a petitioner's confinement. *See Velazquez v. Superintendent Fayette SCI*, 937 F.3d 151, 158 (3d Cir. 2019) ("[A] petitioner who seeks habeas relief for claims that do not qualify as attacking the fact, duration, or execution of a sentence may not maintain the suit as a habeas action."); *Cohen v. Lappin*, 402 F. App'x 674, 676 (3d Cir. 2010) ("We likewise agree that the remainder of the claims presented in [the] petition do not challenge the basic fact or duration of [petitioner's] imprisonment which is the 'essence of habeas[]'. . . . Thus, the District Court correctly determined that [petitioner's] remaining claims should be brought in a *Bivens* action." (alterations added)). Habeas jurisdiction, therefore, generally does not lie where a petitioner challenges the conditions of his confinement rather than the fact, duration, or execution of it. *See Leslie v. Att'y Gen. of U.S.*, 363 F. App'x 955, 958 (3d Cir. 2010) (affirming district court's dismissal of immigration detainee's conditions of confinement claims because a "habeas corpus petition was not the proper vehicle to raise [such] claims" (alteration added)); *Stanko v. Obama*, 393 F. App'x 849, 851 (3d Cir. 2010) (affirming district court's dismissal of prisoner's conditions of confinement claims in a Section 2241 petition because they "clearly fall outside the realm of challenges brought in habeas").

In *Hope*, however, the Third Circuit clarified that, at least for immigration detainees, an exception to the general rule exists in certain extraordinary circumstances. *Hope*, 972 F.3d at 325. In that case, twenty-two immigration detainees filed a joint habeas petition pursuant to 28 U.S.C. § 2241 alleging that the conditions of their confinement during the COVID-19 pandemic placed them at higher risk to contract the disease because "risk mitigation [was] impossible" where they were confined, and their advanced age and preexisting medical conditions "put[] them at

---

[6] In this context, a challenge to the execution of confinement asserts that the "carrying out" of the confinement is "somehow inconsistent with a command or recommendation" in the original order or judgment providing for the confinement. *See Cardona v. Bledsoe*, 681 F.3d 533, 537 (3d Cir. 2012); *see also Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005).

7

significantly higher risk of severe disease and death if they contract COVID-19." *See id.* at 317–18. The petitioners sought only release as they contended it was the only adequate relief for their claims. *See id.* at 318, 323. The Third Circuit ultimately held that "Petitioners' claim that unconstitutional conditions of confinement . . . require their release is cognizable in habeas." *Id.* at 325. However, in so holding, the Third Circuit cautioned that it did not intend to create a "garden variety cause of action." *Id.* at 324. Rather, it noted that "habeas corpus is an extraordinary remedy whose . . . use has been limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate." *Id.* (quoting *Hensley v. Mun. Ct., San Jose Milpitas Jud. Dist., Santa Clara Cnty.*, 411 U.S. 345, 351 (1973)). It concluded that, "[g]iven the extraordinary circumstances that existed in March 2020 because of the COVID-19 pandemic, we are satisfied that [the petitioners'] § 2241 claim *seeking only release on the basis that unconstitutional confinement conditions require it* is not improper." *See id.* at 324–25 (emphasis added).

Here, Petitioners' contention that *Hope* forecloses Respondents' argument is misplaced. The holding in *Hope*, and the exception it clarifies, is explicitly limited to an immigration detainee's claims alleging conditions of confinement so severe and immediate that they "require their release." *See id.* at 325. Thus, for conditions of confinement claims where action short of release would suffice, *Hope* does not control, and a petitioner may not maintain such a claim under 28 U.S.C. § 2241. *See Whiteside v. Fort Dix Fed. Prison*, No. 20-5544, 2021 WL 2935363, at *4 (D.N.J. July 13, 2021) (holding that, in light of *Hope*, prisoners may raise conditions of confinement claims under 28 U.S.C. § 2241 but only "in situations when no action short of release would be sufficient to prevent irreparable constitutional injury"); *see also Wilson v. Williams*, 961 F.3d 829, 837–38 (6th Cir. 2020) (concluding that, "where a petitioner claims that no set of

conditions would be constitutionally sufficient[,] [a conditions of confinement claim] should be construed as challenging the fact or extent, rather than the conditions, of confinement" (alterations added)).  Multiple courts within this Circuit have declined to extend the holding in *Hope* past its limited circumstances.  *See, e.g.*, *Whiteside*, 2021 WL 2935363, at *4; *Houck v. Moser*, No. 20-0255, 2021 WL 1840827, at *2 (W.D. Pa. May 7, 2021) ("Even in the COVID-19 era, a writ of habeas corpus is not a generally available remedy outside the immigrant detainee context contemplated in *Hope*" where "every alternative condition of confinement short of release is unavailable").

In this case, Petitioners contend that Respondents are violating the *Accardi* principle by failing to abide by (i) the 2011 PBNDS, (ii) CDC Guidelines, and (iii) PRR.  (Am. Pet. at 48; Pet. Suppl. Br. at 2–3 & 34).  The nature of Petitioners' *Accardi* claim necessarily implies that action short of release—Respondents' compliance with its own rules—would suffice.  Accordingly, the circumstances presented by Petitioners' *Accardi* claim do not amount to the extraordinary circumstances contemplated in *Hope*, where petitioners alleged no set of conditions short of release that would suffice.  *See Hope*, 972 F.3d at 318, 323; *Whiteside*, 2021 WL 2935363, at *4.  And the Court declines to extend the holding in *Hope* past its limited circumstances.  Accordingly, the Court lacks habeas jurisdiction to consider the *Accardi* claim challenging Petitioners' conditions of confinement, and the Court dismisses without prejudice the claim to the extent Petitioners assert it under 28 U.S.C. § 2241.  *See Velazquez*, 937 F.3d at 158; *Leslie*, 363 F. App'x at 958.[7]

### B. Jurisdiction Under 28 U.S.C. § 1331

---

[7] Petitioners also cite to *Alli v. Decker*, 650 F.3d 1007 (3d Cir. 2011) to support their assertion that the Court can hear Petitioners' claim and issue declaratory relief because there the Third Circuit stated that it had authority in a habeas petition to issue "a declaration that the failure to afford . . . a [bond] hearing violates the INA and Due Process Clause." (Pet. Reply at 6 (citing *Alli v. Decker*, 650 F.3d at 1009–13 (3d Cir. 2011)). *Alli*, however, did not involve a conditions of confinement challenge. As such, Petitioners' reliance on *Alli* is unavailing.

As an alternative argument, Petitioners contend this matter is a "combined habeas and civil complaint under 28 U.S.C. §§ 1331 and 2241," (Pet. Reply at 8), and, therefore, "if this Court finds no habeas jurisdiction [under Section 2241], it should invoke federal question jurisdiction" pursuant to 28 U.S.C. § 1331. (*Id.* at 8 n.23). For the reasons set forth below, the Court declines to entertain Petitioners' alternative argument at this time.

As an initial matter, the Third Circuit has discouraged district courts from combining habeas petitions and civil complaints into a single case. *See Burnam v. Marberry*, 313 F. App'x 455, 456 n.2 (3d Cir. 2009) ("Burnam's repeated references to § 2241 in his filings apparently led the District Court to construe the action as such, but even so it should not have combined the habeas action and the claims under the . . . APA into a single case."); *see also Romeo S. K. v. Barr*, No. 20-18065, 2020 WL 7640538, at *5 n.3 (D.N.J. Dec. 23, 2020) ("[T]o the extent Petitioner seeks a writ of mandamus or asserts claims under the APA, it appears that the Third Circuit has disapproved such piggy-backing on a habeas petition."); *Forrest v. Sauers,* No. 13–0067, 2013 WL 3097569, at *2 (M.D. Pa. June 8, 2013) ("Mr. Forrest has presented a hybrid action sounding in both civil rights and habeas. He cannot do so in a singular habeas action."). Instead, the Third Circuit has suggested that a better approach would be "to dismiss the habeas petition without prejudice and [ ] focus on the alleged statutory violations, or in the alternative to [ ] construe[] the action as one of habeas corpus but [ ] restrict its scope to challenges to the fact or duration of [ ] confinement, or the execution of [the] sentence." *Burnam*, 313 F. App'x at 456 n.2.

Up to this point, the Court has followed the latter approach and has construed the action as one of habeas corpus. (*See, e.g.*, D.E. No. 91 ¶ 4). However, as Petitioners note, the Court has not explicitly foreclosed the possibility of federal question jurisdiction under a civil complaint. (*See id.*; Pet. Reply at 8 n.21).

10

Nonetheless, even if the Court were willing to consider the habeas petition and civil complaint in a single case, the Court will not entertain the civil complaint until the named Petitioners have paid the requisite filing fees for civil complaints or applied to proceed *in forma pauperis*. *See McGeachy v. Aviles*, No. 10-3562, 2011 WL 1885938, at *3 (D.N.J. May 18, 2011). Accordingly, the Court will provide Petitioners thirty days to pay the requisite fees or apply to proceed *in forma pauperis*. Failure to comply may result in dismissal of the entire matter without further notice.[8]

## IV.   CONCLUSION

For the reasons stated above, the Court **DENIES** the Amended Petition and **DISMISSES** without prejudice Petitioners' *Accardi* claim to the extent that they assert it under 28 U.S.C. § 2241. Before the Court considers whether it has jurisdiction to consider the *Accardi* claim pursuant to 28 U.S.C. § 1331, Petitioners must pay the requisite filing fees for a civil complaint or apply to proceed *in forma pauperis*. An appropriate order follows.

**Dated:** May 30, 2023                                                                                   *s/ Esther Salas*
                                                                                                                          **Esther Salas, U.S.D.J.**

---

[8] As the Court finds that it lacks jurisdiction under 28 U.S.C. § 2241 to consider Petitioners' *Accardi* claim, and as the Court declines to consider at this time whether it has jurisdiction under 28 U.S.C. § 1331, the Court does not reach the merits of Petitioners' *Accardi* claim or the issues raised in its November 23, 2020 Opinion.